## No. 635.

## STATE v. CONAS

Ohio Appeals, Ninth District, Summit County
No. 749. Decided June 8, 1923

This opinion has not been published except in Abstract

SEARCH WARRANTS—(1) Officers warranted in searching adjacent premises, being an aperture in the wall of adjoining premises, under circumstances of this case.

WASHBURN, J.

### Epitomized Opinion

Conas was arrested in the city of Akron for unlawfully having in his possession intoxicating liquor or brandy. He had rented the second story of a brick block. Next to his kitchen was a brick wall. The brandy was found in an aperture in this wall directly opposite the window. The officers had a search warrant to search the premises where the defendant lived. At the trial the State offered to introduce the brandy but the accused objected upon the ground that the officers had no search warrant to search adjoining premises. The accused was found guilty in the lower court, but this was reversed by the Common Pleas Court. In reversing the judgment of the Common Pleas Court and sustaining the judgment of the Municipal Court, the Court of Appeals held:

1. Under the facts of this case the officers were fully warranted in treating the aperture as a part of the premises they were authorized to search in view of the fact that it was used in connection with the kitchen of said premises.

Attorneys—H. M. Hagelbarger and G. T. Moore, for State; Henner, Harter, Walker & Watters, for Conas.

## No. 636

## CONGREGATION SHARA TORAH v. DITTO CHASED SHEL EMES

Ohio Appeals, Seventh District, Mahoning County
Decided March 30, 1923

This opinion has not been published except in Abstract.

RELIGIOUS SOCIETY—Effect on real and personal property of attempted consolidation of religious societies.

BY THE COURT.

### Epitomized Opinion

Prior to 1914 there were in Youngstown two Jewish organizations formed for religious worship known as Congregations Shara Torah and Chevra Kaddisha. Certain members of each congregation attempted a consolidation; the new organization to be known as Shara Torah Chased Shel Emes. A committee was appointed by each society to effect consolidation. It was attempted by an agreement prepared by a rabbi of another Jewish congregation and perfected by the committee. The personal property of each organization was brought together and action was taken by a joint meeting with reference to ratifying committee's work. A charter was obtained for the new organization and officers elected. Dissension arose among members of the new organization which resulted in some members returning to their previous place of worship. Suit followed to reclaim personal property and real estate. This action involves a cemetery and is before the court on rehearing. GC. 10004 provides that when two or more religious societies, churches, etc., desire to consolidate, no agreement therefor shall

be valid until it has been submitted to a separate meeting of members of each organization of which due notice has been given and ratified by two-thirds vote of all present in person or proxy.

The evidence disclosed that due notice had not been given to all members of congregations and prior to the meeting of the committees with rabbi there had not been due authorization by the congregations. No separate meetings were held, nor was the consolidation ratified by two-thirds vote. The Court of Appeals in reversing judgment held:

1. The statutory requirments were not sufficiently met to operate as a transfer of the title of the real estate. Title to cemetery is in old organization.

2. This judgment is not inconsistent with former judgment holding new organization entitled to personal property because the personal property involved was transferred by the members of each organization to the new society voluntarily and brought together by them.

Attorneys—Not given.

## No. 637

## GREENBAUM v. MILAS

Ohio Appeals, Ninth District, Summit County
No. 706. Decided June 5, 1923

This opinion has not been published except in Abstract

LEASE—(1) Right of assignee to exercise option granted to original lessee—(2) Assignee of lessee need not tender new lease under option—(3) Notice of acceptance question for jury.

PER CURIAM.

### Epitomized Opinion

This was an action of ejection brought by Greenbaum, the owner of certain real estate in Summit county. Greenbaum had leased said premises for five years to one Sekicki who in turn assigned the lease to one Nesit, who in turn sublet the same to the defendant, Steve Milas. The lease also contained an option clause for a renewal for a further term of two years. The written lease was made to the lessee and his heirs, executors and assigns, but the option or renewal clause did not use these words. As the defendant retained the possession of the premises after the expiration of the lease, this action was brought by plaintiff, who claimed that the defendant had no right to hold the premises under the option. Plaintiff also claimed that defendant should have tendered him a new lease at the time for the expiration of the old. As the lower court held for the defendant, plaintiff prosecuted error. In sustaining the judgment of the lower court the Court of Appeals held:

1. Under an option supported by a consideration in the absence of words of assignability, said option is assignable and the assignee of the original lessee has a right to take advantage of such renewal clause if it is done properly and in due time.

2. An option giving a right to renew or a right to extend a lease are synonymous and in either case amount to a present demise and covenant running with the land, and automatically gives to the assignees of said lessee the right of the additional term without a tender of a new lease.

3. The question as to whether the assignee of the lessee gave the lessor notice of his intention to extend a lease is a question of fact for the jury to be determined by the circumstances of each case.

Attorneys—C. R. Grant and A. S. Greenbaum, for Greenbaum; D. Gottwald and F. W. Doyle, for Milas.